IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HENRY RODRÍGUEZ,

    Plaintiff,

    v.

DEPARTMENT OF THE ARMY; MARK ESPER SECRETARY OF THE ARMY,

    Defendant.

CIVIL NO.: 16-1000 (MEL)

**OPINION AND ORDER**

This case was brought pursuant to the court's federal question jurisdiction under 28 U.S.C. § 1331. In his complaint, Henry Rodríguez ("Plaintiff") seeks compensatory relief and damages for the Department of the Army's ("Defendant") alleged failure to accommodate his physical disabilities and retaliation against him for requesting accommodation. Pending before the court is a motion to dismiss pursuant to rule 12(b)(1) by Defendant. ECF No. 47. In the pending motion, Defendant contends that Plaintiff incorrectly sued under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e–2(a)(1), rather than under the Rehabilitation Act, 29 U.S.C. § 794. Id. at 1. Thus, the court lacks jurisdiction to hear the matter. Id. Plaintiff filed a response in opposition to the motion to dismiss in which he argues that he did in fact sue under the Rehabilitation Act. ECF No. 60, at 1. Defendant filed a reply to the response in opposition. ECF No. 65.

**I.**     **MOTION TO DISMISS STANDARD UNDER RULE 12(b)(1)**

Pursuant to Fed. R. Civ. P. 12(b)(1) ("Rule 12(b)(1)"), a defendant may move to dismiss an action for lack of subject matter jurisdiction. "As courts of limited jurisdiction, federal courts have the duty to construe their jurisdictional grants narrowly." Fina Air, Inc. v. United States, 555

F. Supp. 2d 321, 323 (D.P.R. 2008) (citing Alicea Rivera v. SIMED, 12 F. Supp. 2d 243, 245 (D.P.R. 1998)). Since federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. See Murphy v. United States, 45 F. 3d 520, 522 (1st Cir. 1995); Droz-Serrano v. Caribbean Records Inc., 270 F. Supp. 2d 217 (D.P.R. 2003).

Challenges to subject matter jurisdiction through a Rule 12(b)(1) motion may constitute either a facial or factual challenge. Valentín v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001); Mercado Arocho v. United States, 455 F. Supp. 2d 15, 18 (D.P.R. 2006); Rivera de León v. Maxon Engineering Servs., Inc., 283 F. Supp. 2d 550, 554 (D.P.R. 2003). To decide whether a 12(b)(1) motion is a facial or factual challenge, a court must determine whether the motion disputes the complaint's allegations regarding subject matter jurisdiction. Torres-Negrón v. J & N Records, LLC, 504 F.3d 151, 162 n.8 (1st Cir. 2007). If the 12(b)(1) motion does not dispute subject matter allegations, then it challenges only the facial sufficiency of the complaint. Id. If the 12(b)(1) motion disputes the subject matter allegations, then it challenges the factual basis for subject matter jurisdiction. Id.

Under a facial challenge, the moving party challenges jurisdiction based on the allegations in the complaint. See Valentín, 254 F.3d at 363; Mercado Arocho, 455 F. Supp. 2d at 18; Rivera de León, 283 F. Supp. 2d at 554. Thus, "the court must consider all the allegations in the complaint as true, and will not look beyond the face of the complaint to determine jurisdiction." Mercado Arocho, 455 F. Supp. 2d at 18. A facial attack only requires a court to examine the complaint and determine whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction." Torres-Negrón, 504 F.3d at 162 (quoting Scarfo v. Ginsburg, 175 F.3d 957, 960 (11th Cir. 1999));

see, e.g., Fina Air Inc., 555 F. Supp. 2d at 325–28 (examining a facial attack and applying the standard articulated in Torres-Negrón).

Under a factual challenge, "the allegations have no presumptive truthfulness, and the court . . . has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." Mercado Arocho, 455 F. Supp. 2d at 18 (citations omitted) (quoting Reynolds v. Nelson, Civ. No. 05-3470-PHX-ROS, 2006 WL 2404364, at *1 (D. Ariz. July 17, 2006)). The analysis changes depending on whether the challenged facts would also decide issues relating to the merits of the case. Torres-Negrón, 504 F.3d at 163. If the challenged facts do involve the merits of the case, the court must use a summary judgment standard and dismiss "'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" Id. (quoting Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987)). If the challenged facts do not involve the merits of the case, then the court is free to consider evidence and decide the question of its subject matter jurisdiction over the case. Id.

Here, Defendant has made a facial challenge by challenging the sufficiency of the complaint: "[b]ecause Plaintiff has sued the Secretary of the Army under the wrong statute, his factual pleadings, even if taken as true, are insufficient to confer the necessary jurisdiction on this court." ECF No. 47, at 1. Thus, Defendant has not disputed the facts at issue. Rather, this is a legal dispute over whether Plaintiff's complaint is sufficiently pleaded such as to confer jurisdiction upon the court.

## II.　FACTUAL ALLEGATIONS IN THE COMPLAINT FOR FEDERAL QUESTION JURISDICTION

Plaintiff was a police officer at the Fort Buchanan Army Installation from September 2004 to December 2013. ECF No. 15, at 3. Defendant John McHugh is the Secretary of the Army, a

3

federal government agency.[1]  Id.  Plaintiff alleges that Defendant failed to accommodate his physical disabilities and retaliated against him for requesting accommodation, in violation of Title VII, a federal statute.  Thus, there is federal question jurisdiction, as Plaintiff's action arises "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

**III.   LEGAL ANALYSIS**

Plaintiff raises two causes of action in his complaint.  First, Plaintiff alleges that Defendant failed to provide him with reasonable accommodation for his disability.  ECF No. 15, at 5.  Second, Plaintiff alleges that Defendant retaliated against him for requesting accommodation.  Id. at 6.  Plaintiff asserts that both of Defendant's actions violated Title VII.  ECF No. 15-16.  The court finds that Plaintiff incorrectly sued under Title VII, rather than under the Rehabilitation Act, with regard to both causes of action.

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States[ ] . . .  shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination . . . under any program or activity conducted by any Executive agency."  29 U.S.C. § 794.  As evidenced by the language of the statute, the Rehabilitation Act applies to federal agencies, contractors, and recipients of federal financial assistance, while the Americans with Disabilities Act applies to private employers with over fifteen employees and to state and local governments.  Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

A plaintiff may raise both a failure to accommodate claim and a retaliation claim under the Rehabilitation Act.  To assert a claim for failure to accommodate, a plaintiff must establish: (1) that she suffers from a "disability" within the meaning of the statute; (2) that she was able to

---

[1] Defendant has indicated that Mark Esper, who was recently confirmed by the United States Senate as Secretary of the Army, has been substituted as the defendant.  ECF No. 47, at 1.

4

perform the essential functions of her job, either with or without a reasonable accommodation; and (3) that despite her employer's knowledge of her disability, the employer did not offer a reasonable accommodation. Id. at 20 (citing Carroll v. Xerox Corp., 294 F.3d 231, 237 (1st Cir. 2002); Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 264 (1st Cir.1999)). To make out a prima facie case of retaliation, a plaintiff must show that (1) he or she engaged in protected conduct, (2) he or she was subjected to an adverse action by the defendant, and (3) there was a causal connection between the protected conduct and the adverse action. D.B. ex rel. Elizabeth B. v. Esposito, 675 F.3d 26, 41 (1st Cir. 2012). Once a plaintiff makes such a showing, the burden shifts to the defendant to articulate a legitimate, non-retaliatory explanation for the adverse action. Id. If the defendant does so, the burden shifts back to the plaintiff to show that the legitimate explanation is pretextual. Id.

By contrast, Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's *race, color, religion, sex, or national origin*." Vance v. Ball State Univ., 570 U.S. 421, 426 (2013) (quoting 42 U.S.C. § 2000e–2(a)(1)) (emphasis added).

In the case at hand, Plaintiff alleges that Defendant failed to accommodate his physical disabilities and retaliated against him for requesting accommodation. However, Title VII does not protect *disabled* individuals from discrimination in employment. See id. Thus, Plaintiff has incorrectly sued under Title VII with regard to both causes of action. As an employee of a federal agency, Plaintiff should instead have brought his failure to accommodate claim and his retaliation claim under the Rehabilitation Act.

5

In his response in opposition to Defendant's motion to dismiss, Plaintiff contends that he did in fact sue under the Rehabilitation Act because his two counts state that he seeks recovery based on "violation of laws, including but not limited to Title VII." ECF No. 60, at 1. This argument is unconvincing. Plaintiff may not make a generic reference to all laws of the United States in his complaint and thus evade the requirements of the plausibility standard set forth by the Supreme Court in Ashcroft v. Iqbal. 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss pursuant to rule 12(b)(1) (ECF No. 47) is NOTED. Plaintiff has until Friday, September 28th to file a third amended complaint, but only to replace citations to Title VII with citations to the Rehabilitation Act and to substitute the name of the Secretary of the Army. Failure to properly amend the complaint in a timely manner may result in dismissal of Plaintiff's case with prejudice.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 24th day of September, 2018.

s/Marcos E. López  
U.S. Magistrate Judge